IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS A. HUGHES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1283 |
| | ) | Judge Arthur J. Schwab |
| C.O. I. P. KOSTINGO,  and Sgt. D. M. | ) | Magistrate Judge Caiazza |
| HOGAN, and Lt. FRANK SALVAY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Thomas A. Hughes, a state Department of Corrections ("DOC") prisoner is serving a life

sentence.  He has paid the $250.00 filing fee and filed this federal civil rights suit.  He  has sued

three defendants.  All three of them are DOC employees.  The sum total of the allegations in his

complaint are as follows:

> C[orrections] O[ffiicer] I. P. Kostingo, between the yard and R.H.U. somehow lost
> my radio. [I was] told by property officer it was at security.  But they told my
> counselor they didn't have it.  Sgt. Hogan sent me a notice that my sneakers had
> come on 7-3-04.  Upon being moved to AC/Status, I had my counselor check with
> him and he didn't have them. [He] said he sent them to me.  Lt. Salvay was
> suppose[d] to investigate my complaint but he never spoke to me or others in this
> claim.  Because of this I was told [that the] items never exist[ed] and my grievance
> was denied.

Doc. 1 at ¶ IV. C.   By way of relief, Plaintiff seeks the court to have the Defendants "produce

[the] missing items or reimburse" Plaintiff.  Id. At ¶ VI.

## A.      Applicable Legal Principles

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an

effort to curb the increasing number of frivolous and harassing law suits brought by persons in

custody.  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  Because Plaintiff is a

"prisoner" who has filed a civil action against "officer[s] or employee[s] of a governmental entity"

within the meaning of 28 U.S.C. § 1915A(a), the screening provision of Section 1915A(b) apply

herein.  Similarly, because Plaintiff is a "prisoner" challenging "prison conditions",[1] the screening

provision of 42 U.S.C. § 1997e(c)(1) applies.   These screening provisions permit a court to

dismiss such complaints if the court determines them to be frivolous, malicious, or if they fail to

state a claim upon which relief may be granted.

In performing a court's mandated function of sua sponte reviewing a complaint under

28 U.S.C. § 1915A and 42 U.S.C. § 1997e to determine if it fails to state a claim upon which relief

can be granted, a federal district court applies the same standard applied to motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6).  Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D.

Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed

to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be

granted'.  This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."),

aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

The standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P.

12(b)(6) and, therefore, the standard also under the PLRA, requires courts to determine whether,

---

1   Porter v. Nussle, 534 U.S. 516, 532 (2002)("the PLRA's exhaustion requirement applies to
all inmate suits about prison life, whether they involve general circumstances or particular
episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner,
206 F.3d 289, 295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) (explaining the statutory phrase
"prison conditions" to include claims concerning "actions . . . [that] make their [i.e. prisoners]
lives worse.").

under any reasonable reading of the pleadings, the plaintiff may be entitled to relief, and we must

accept as true the factual allegations in the complaint and all reasonable inferences that can be

drawn therefrom. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). The complaint

will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the

essential elements of the plaintiff's cause of action.  Since this is a civil rights action filed pursuant

to 42 U.S.C. § 1983, the plaintiff is entitled to relief if the complaint sufficiently alleges

deprivation of any right secured by the Constitution or federal law. Id.

In addition to the complaint, courts may consider matters of public record, orders, exhibits

attached to the complaint and items appearing in the record of the case in disposing of a motion to

dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385

n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808,

812 (3d Cir. 1990).

**B.     Discussion**

Plaintiff's allegations concerning the loss of his property, even construed broadly,

implicate only three possible constitutional provisions: the Fourth Amendment; the Fourteenth

Amendment's Procedural Due Process protections and; the Fourteenth Amendment's Substantive

Due Process protections.

**1) Fourth Amendment**

The  Fourth Amendment secures the right of citizens to be free of an unreasonable seizure

of their property.  However, the protections of the Fourth Amendment with respect to seizures of a

prisoner's "property" simply do not apply in the prison context.  Doe v. Delie,  257 F.3d 309, 316

(3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); Jones v. Arpaio, 194 F.3d 1317 (Table) (unpublished) (9th Cir. 1999) ("Finally, there is no merit to Valandingham's contention that jail officials violated his constitutional rights when they failed to return documents, correspondence, and postage seized following a search of his cell. Valandingham presented no evidence that the challenged conduct was unconstitutional per se, *see Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) (holding that Fourth Amendment's prohibition against unreasonable seizures does not apply in prison) . . . ."). Indeed, what the Court held in Taylor v. Knapp, 871 F.2d 803 (9th Cir.1989), cert. denied, 493 U.S. 868 (1989) is equally applicable here. In Taylor, the prison authorities were accused of seizing the property of a prisoner and the property of a non profit corporation of which the prisoner plaintiff was an officer. The plaintiff even alleged that the prison authorities had converted the property to their own use. The plaintiff alleged that the deprivation of his property and of the corporation's property violated their fourth amendment rights. The Court in Taylor rejected this claim, holding that the Fourth Amendment provided no protections against such deprivations. The Taylor Court held that

> Taylor can make no fourth amendment claim, either on his own behalf or on behalf of the nonprofit corporation he wishes to represent.
> Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. *Hudson*, *supra*, 468 U.S. at 524, 104 S.Ct. at 3199; *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804 (1974). An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property. *Hudson, supra*, 468 U.S. at 528 n. 8, 104 S.Ct. at 2808 n. 8. Hence it cannot protect an inmate from the conversion of his property. *See id*. at 537-40, 104 S.Ct. at 3205- 07 (O'Connor, J, concurring) (because prison officials are authorized indefinitely to dispossess inmates of their property, what happens to the property while in official custody is not a Fourth Amendment concern). This does

> not mean a prisoner is without redress; it simply means a prisoner's form of redress
> is through the fifth and fourteenth amendments. <u>Id</u>. at 540, 104 S.Ct. at 3207.

<u>Id</u>. at 806.  Likewise here, Plaintiff has no Fourth Amendment protections against the Defendants'

allegedly wrongful seizure and possible loss of what Plaintiff asserts to be his property.

Accordingly, Plaintiff fails to state a Fourth Amendment claim upon which relief can be granted.

### 2)  Fourteenth Amendment's Procedural Due Process Protections

This is not to say that a prisoner is devoid of all protections.  <u>See</u>, <u>e.g.</u>, <u>Taylor</u>, 871 F.2d

at 806 ("This does not mean a prisoner is without redress; it simply means a prisoner's form of

redress is through the fifth and fourteenth amendments[,]" i.e. a due process claim).  Plaintiff

however, cannot state a claim of deprivation of property without due process because such claims

are barred by <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984).

Under <u>Hudson v. Palmer</u>, the Supreme Court held that an intentional deprivation of

property by a state actor does not violate the plaintiff's procedural due process rights so long as

there is a meaningful post-deprivation remedy.  <u>Hudson v. Palmer</u>, 468 U.S. at 533. The federal

Courts of Pennsylvania have recognized that **both** the Department of Corrections' internal

grievance procedure **and** the availability of a state tort suit in state court provide adequate post

deprivation remedies so as to satisfy due process requirements under <u>Hudson v. Palmer</u>.  <u>See</u>, <u>e.g.</u>,

<u>Austin v. Lehman</u>, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both inmate grievance procedure and

state tort law action constituted adequate post-deprivation remedies); <u>Rogers v. Mrs. Brown</u>, No.

Civ. A. 95-7867, 1996 WL 608473, *2 (E.D. Pa. Oct. 24, 1996) (tort suit in state court provides

adequate post deprivation remedy for deprivation of legal papers); <u>Payton v. Horn</u>, 49 F. Supp.2d

791, 795 (E.D. Pa. 1999)(same), <u>overruled on other grounds</u>, <u>Ray v. Kertes</u>, 285 F.3d 287 (3d Cir. 2002).

Plaintiff herein had available to him the post deprivation remedies of both the DOC grievance procedures and a state tort action for conversion of property.  <u>See</u> 42 Pa.C.S.A. § 5524(7)(imposing a two-year limitation period for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct ..."). In fact, Plaintiff even asserts that he used the DOC internal grievance procedure to challenge this alleged deprivation of his property.  Hence, Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process.  <u>Payton v. Horn</u>, 49 F. Supp.2d at 795 ("Pennsylvania tort law offers a remedy for prison official's unlawful deprivation of an inmate's property. Therefore, Payton has failed to state a viable claim that his constitutional rights have been violated and cannot maintain a section 1983 action on this claim.")(citations omitted); <u>Reid v. Seville</u>, No. CIV. A. 96-2577, 1996 WL 421901, *3 (E.D. Pa. July 19, 1996)(same).

Even if Plaintiff is alleging that the Defendants acted negligently, the holding in <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) bars his claim.  <u>Daniels</u> held that "the Due Process clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." <u>Daniels v. Williams</u>, 474 U.S. at 328. Hence, to the extent that Plaintiff's putative claim rests on the negligent actions of Defendants, such a claim fails to state a claim upon which relief can be granted.

As Plaintiff was not deprived by the defendants of property without due process, given that Pennsylvania provides him an adequate post deprivation remedy, Plaintiff would have no procedural due process claim.

### 3) Substantive Due Process

Even liberally reading Plaintiff's complaint to contain a substantive due process claim, none of the Defendants' alleged actions or inactions shock this court's conscience and therefore, Plaintiff fails to state a claim upon which relief can be granted under the substantive aspect of the Fourteenth Amendment's due process guarantee. See Hawkins v. Freeman, 195 F.3d 732, 744 (4th Cir. 1999); United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa., 316 F.3d 392, 399-400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."). See also Moore v. Gluckstern, 548 F.Supp. 165, 167 (D. Md. 1982)("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably "shock[] the conscience" of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.").

In addition, it appears that this suit may be frivolous as well.  Plaintiff complains that the Defendants lost his radio and a pair of sneakers.  Unless the value of these items exceed the cost of the filing fee, i.e., $250.00 plus the costs of service or waiver thereof, it would appear that the suit is frivolous.  See, e.g., Deutsch v. U.S., 67 F.3d 1080, 1089-90 (3d Cir. 1995) (to find that a prisoner's claim is frivolous, "a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit.

- 7 -

Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees. If the court so determines, then the claim is a candidate for dismissal as frivolous")(footnote omitted);  Miller v. Horn, 1996 WL 420827, *1 (E.D.Pa. 1996)("It appears that the value of the property of which plaintiff claims he was deprived may well not exceed $120" [i.e. the filing fee at the time]).

Thus, his Complaint must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**AND NOW, this 15th day of February, 2006**, upon consideration of plaintiff's Civil Complaint, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.   Because any amendment would be futile, this dismissal is **with prejudice**.

 

**Arthur J. Schwab**
**United States District Judge**

cc:    Honorable Francis X. Caiazza
       United States Magistrate Judge

       THOMAS A. HUGHES
       Box 9999
       SCI -Smithfield
       Huntingdon, PA 16652

       CERTIFIED MAIL
       RETURN RECEIPT REQUESTED